IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3125-FL

| | | |
|---|---|---|
| DANIEL B. PARSONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KELVIN ANDREWS, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on plaintiff's motions to compel settlement agreement (DE 204), for preliminary injunction (DE 207, 211, 215, 216), to compel prison officials to respond to grievances (DE 208, 209), to compel prison officials to provide dental care (DE 212), to add to motion for preliminary injunction (DE 214), and to present affidavit of proven facts (DE 217). Defendant responded in opposition to the motion to compel settlement agreement and the requests for injunctive relief, and in this posture the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on May 23, 2013, asserting claims for violations of her civil rights pursuant to 42 U.S.C. § 1983. Plaintiff, the North Carolina Department of Public Safety ("DPS"), and defendant Kelvin Andrews, a former corrections officer, reached a settlement agreement on June 24, 2019. The parties filed stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure

---

[1] The court dismissed formerly named defendants Department of Public Safety, John Herring, unidentified indemnitors, Dennis Daniels, Jullian Fitch, and Greene County by separate orders entered January 8, 2014, May 7, 2014, January 30, 2018, and March 29, 2019.

41(a)(1) on August 19, 2019.

Plaintiff began filing the instant motions on October 13, 2022, primarily alleging that DPS officials are violating his constitutional rights and the settlement agreement by transferring him from Central Prison to Eastern Correctional Institution ("Eastern C.I."). According to plaintiff, DPS is proceeding with the transfer even though other prisoners located at the Eastern C.I. want to harm plaintiff in retaliation for her reporting assaults by defendant Andrews. (See, e.g., DE 207). Plaintiff alleges that defendant Andrews has ties to prison gang members and staff members at the Eastern C.I. and other North Carolina prisons, and that he has instructed these individuals to harm or kill plaintiff. (See id.). Plaintiff believes he will only be safe at the Pamlico Correctional Institution. (See id.). In addition, plaintiff seeks a court order directing DPS officials to respond to her grievances and to provide dental and medical care. (DE 209, 212, 216, 217).

While the motions were pending, plaintiff was transferred to the Eastern C.I. (See DE 210). However, on January 4, 2023, plaintiff was transferred to the Maury Correctional Institution. (See DE 217).

## COURT'S DISCUSSION

Plaintiff's motions for injunctive relief are without merit because plaintiff voluntarily dismissed his claims with prejudice pursuant to the terms of his settlement agreement. The voluntary dismissal moots further litigation of plaintiff's claims on the merits. See U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 21 (1994) ("If a judgment has become moot [by settlement] while awaiting review, [an appellate court] may not consider" the merits of the appeal).[2] Furthermore, where this case was dismissed voluntarily more than three years ago, the

---

[2] In this order, all internal citations and quotations are omitted from citations, unless otherwise specified.

court cannot issue injunctive relief addressing issues arising after the dismissal. See Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."); see also In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally, but conversely, preliminary relief may never be granted that addresses matters which in no circumstances can be dealt with in any final injunction that may be entered."), abrogated on other grounds by eBay, Inc. v. MercExchange. LLC, 547 U.S. 388 (2006).

To the extent plaintiff is attempting to reopen this case and file new claims, the court motions are denied. Defendant would be prejudiced by reopening a case that resulted in a settlement agreement extinguishing all claims, more than three years after the settlement. See, e.g., Katyle v. Penn Nat. Gaming, 637 F.3d 462, 470–71 (4th Cir. 2011) (discussing standard of review for post-judgment motions to amend complaint).

However, to the extent plaintiff believes her constitutional rights were violated by independent actions taken after the settlement was reached, and that these claims are not barred by the release provisions of the settlement agreement, then plaintiff may file a new civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff may request the forms for filing such an action by writing to the clerk of court.

Finally, plaintiff's motion to enforce the settlement agreement is denied. As a threshold issue, plaintiff does not establish that the court has jurisdiction to address his motion to enforce

3

the settlement agreement. See Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d 291, 299 (4th Cir. 2000) (after a voluntary dismissal "a district court may not enforce a Settlement Agreement unless the agreement has been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction."). But even if plaintiff had made that showing, the settlement agreement provides that DPS officials may transfer plaintiff to any correctional facility for a legitimate penological purpose. (DE 205-2 ¶ 1(b)). The agreement therefore does not prohibit plaintiff's transfer notwithstanding his conclusory claims that he fears for his safety at the new facilities. Accordingly, plaintiff has not established that the court has jurisdiction to consider his motion to enforce or that defendant breached the agreement.

## CONCLUSION

Based on the foregoing, plaintiff's motions to compel settlement agreement (DE 204), for preliminary injunction (DE 207, 211, 215, 216), to compel prison officials to respond to grievances (DE 208, 209), to compel officials to provide dental care (DE 212), to add to motion for preliminary injunction (DE 214), and to present affidavit of proven facts (DE 217) are DISMISSED without prejudice. To the extent plaintiff moves to reopen the case and file amended complaint, the motions are DENIED. Plaintiff is DIRECTED to cease filing motions for preliminary injunction seeking relief for alleged mistreatment that occurred after he dismissed this case. Those claims must be brought in a new civil rights action.

SO ORDERED, this the 19th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge